IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03386-PAB

TOUCHSTONE LIFE ESSENTIALS, INC.,

    Plaintiff,

v.

HEALED LLC,

    Defendant.

## ORDER

On December 6, 2024, plaintiff Touchstone Life Essentials, Inc. ("Touchstone") filed suit in this case. Docket No. 1. Touchstone brings five claims against defendant Healed LLC, namely, one claim of copyright infringement, one claim of false designation of origin and unfair competition under the Lanham Act, one claim of false advertising under the Lanham Act, one claim of common law unfair competition, and one claim of violating the Colorado Consumer Protection Act. *Id.* at 29–33, ¶¶ 57–91. On December 30, 2024, Touchstone filed a motion for entry of default against Healed LLC, Docket No. 12, and the Clerk of Court entered default against Healed LLC on January 2, 2025. Docket No. 13.

On January 27, 2025, Touchstone filed its Unopposed Motion for Entry of Final Consent Judgment and Permanent Injunction. Docket No. 14. The entirety of Touchstone's motion is that, "[p]ursuant to the agreement of the parties, Plaintiff Touchstone Life Essentials, Inc. respectfully moves this Court to enter the Final

Consent Judgment and Permanent Injunction submitted with this Motion as the final order and judgment in this case." *Id.* at 1.  Touchstone attaches to the motion a proposed order, which includes a permanent injunction against Healed LLC from engaging in certain kinds of advertising and authorizes certain third-party entities to no longer provide services to Healed LLC.  *See* Docket No. 14-1.  The proposed order is signed by Ghlana Hamboul, who purports to be an "Authorized Representative of Healed, LLC."  *Id.* at 9.

      A "judgment cannot just be stipulated by the parties."  *Metro. Life Ins. Co. v. Hanni*, 2017 WL 6805318, at *2 (N.D. Ind. Sept. 14, 2017).  "Rather, it may be requested and granted by the Court if it is consistent with the law, does not harm third parties, and is an appropriate use of judicial resources."  *Id.* (citing *Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987)).  "The parties' mere desire to have the Court enforce their settlement agreement is insufficient because 'a federal court is more than a "recorder of contracts" from whom private parties may purchase injunctions.'"  *Id.* (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986)); *see also Branch Banking & Tr. Co. v. Mellow Mushroom Three Peat, Inc.*, 2020 WL 532256, at *3 (N.D. Tex. Feb. 3, 2020) ("the authority to enforce a settlement agreement does not automatically empower a court to enter a consent judgment based on that settlement agreement" (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 268 (5th Cir. 1995)).

      Touchstone's motion is deficient for four reasons.  First, Healed LLC has not made an appearance in this case, and Touchstone provides no support for the

proposition that a court may enter a "consent" injunction against a party who has not appeared.  See *Consteel Erectors, Inc. v. Scharpf's Constr., Inc.*, 2008 WL 4568079, at *5–6 (D. Neb. Oct. 10, 2008) ("I will not enter a judgment by consent against a party who has not entered an appearance in the action.  The proper procedure, of course, is to file a motion for the entry of a default judgment, which Kraus–Anderson and Menards can still do.") (footnote omitted).

Second, the proposed consent judgment is signed by Ghlana Hamboul, who is identified as an "Authorized Representative of Healed, LLC," but who is not identified as an attorney representing Healed LLC.  See Docket No. 14-1 at 9.  In federal court, limited liability companies must be represented by counsel.  *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Consteel Erectors*, 2008 WL 4568079, at *6 n.14 ("Although the motion is signed by James Scharpf as president of Scharpf's Construction, the law does not allow a corporation to proceed pro se").  Third, although the proposed order indicates that Ghlana Hamboul is a representative of Healed LLC, Touchstone attaches no evidence or explanation that Ghlana Hamboul's signature is what it purports to be, namely, the signature of a person who has the authority to make binding agreements on behalf of Healed LLC.

Fourth, Touchstone's single sentence motion provides no explanation as to why the Court should retain jurisdiction over this case by entering the proposed consent judgment and permanent injunction.  See Docket No. 14.  "Unlike a stipulated dismissal, which parties may take as of right, litigants wishing the court to issue a consent

judgment must argue why the judgment should issue, and cannot expect the court unreflectively to endorse their agreement with the full authority of the federal judiciary." *United States for use of Tri–City Elec. Co. of Iowa v. Alacran/O & SJV, LLC*, 2014 WL 5473138, at *3 (C.D. Ill. Oct. 29, 2014); *Metro. Life Ins.*, 2017 WL 6805318, at *2 ("The parties have not provided reasons why a consent judgment is more appropriate in this case than would be a stipulated dismissal, and no reason why a consent judgment would be an appropriate commitment of the court's limited resources." (quotation and citation omitted)).  Under the Court's practice standards, "[e]xcept in extraordinary circumstances, the court will not retain jurisdiction . . . over cases that have been settled. . . .  Any motion or stipulation for dismissal requesting that the court retain jurisdiction after dismissal shall explain in detail the extraordinary circumstances necessitating such an approach."  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § I.H.5.  Touchstone makes no argument as to why the Court should retain jurisdiction over this case.

For all these reasons, Touchstone's motion for entry of a consent judgment and permanent injunction is denied.  Wherefore, it is

**ORDERED** that the Unopposed Motion for Entry of Final Consent Judgment and Permanent Injunction [Docket No. 14] is **DENIED without prejudice**.

DATED January 30, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge